**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0969-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES S. RUSSELL,

    Defendant-Appellant.

_____

Submitted on March 10, 2026 – Decided April 13, 2026

Before Judges Gilson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 06-05-0869.

James S. Russell, self-represented appellant.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

In 2008, defendant James Russell was convicted of murder, N.J.S.A. 2C:11-3, and conspiracy to commit murder, N.J.S.A. 2C:11-3 and N.J.S.A. 2C:5-2. He was sentenced to life in prison. He appeals from the denial of his third petition for post-conviction relief (PCR). Because his petition was time-barred, we affirm.

On February 7, 2006, Tyleek Baker had a verbal altercation with Jason Vega at a barbershop in Lakewood. Vega had several friends who were also at the barbershop, including Jose Francisco Olivares. Baker left the barbershop and later returned with defendant and Jamal Scott. Baker then shot and killed Olivares while defendant and Scott stood at his side. Defendant, Baker, and Scott thereafter left the scene in a car defendant had previously arranged to rent.

The shooting was witnessed by several people, including Daniel Thomas. Thomas later testified that Baker had called him and asked him to come to the barbershop. Thomas also explained that Baker had been in an ongoing dispute with Olivares. When Thomas arrived, he saw Baker, defendant, and Scott in the barbershop and then saw Baker start shooting. Thomas ran out of the barbershop and later met up with Baker, defendant, and

A-0969-24

Scott. Baker told Thomas he had shot Olivares. Thomas also testified he subsequently learned defendant had driven Baker to Baltimore.

Baker, defendant, Scott, and Thomas were all indicted for the murder and conspiracy to murder Olivares. Thomas later pled guilty to a lesser crime and testified against the other three defendants at their trial. Following the presentation of evidence at trial, defendant, Baker, and Scott were all convicted of first-degree murder and first-degree conspiracy to commit murder. Defendant was then sentenced to life imprisonment with periods of parole ineligibility and supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant, Scott, and Baker all appealed. We rejected all the arguments presented on the direct appeal and affirmed their convictions and sentences. State v. Scott, Nos. A-3455-08, A-4794-08, and A-4841-08 (App. Div. Apr. 20, 2012).[1] Thereafter, the Supreme Court denied defendant's petition for certification. State v. Russell, 212 N.J. 431 (2012).

In November 2012, defendant filed his first petition for PCR. That petition was denied and we affirmed the denial on appeal. State v. Russell, No. A-5319-15 (App. Div. May 15, 2019).

---

[1] We remanded one part of Baker's sentence, solely on the issue of running one of his convictions consecutive to his murder conviction.

A-0969-24

A year later, in March 2020, defendant filed a second petition for PCR. That petition was dismissed in December 2021, as untimely and defendant did not appeal from that order.

More than two and a half years later, on August 8, 2024, defendant filed a third petition for PCR. He argued that because he was not provided with the transcript of a motion to suppress evidence, his appellate counsel had been ineffective and his right to a full appeal had been denied. On October 3, 2024, the PCR court entered an order denying defendant's third petition as time barred. Defendant now appeals from that order.

On this appeal, defendant presents the following arguments for our consideration:

> POINT I – THE PCR COURT ERRED BY TIME BARRING [DEFENDANT'S] PETITION BECAUSE THE ATTACHED MOTION TO SUPPRESS EVIDENCE TRANSCRIPT WAS NOT SUPPLIED WITH THE TRIAL FILE, DENYING [DEFENDANT] OF HIS RIGHT TO APPEAL.
>
> A. The Incomplete Transcripts Amounted to a Due Process Violation Because [Defendant] Was Denied the Opportunity to Appeal the Trial Court's Ruling On Direct Appeal.
>
> B. Appellate Counsel [] Were Ineffective For Failing to Obtain The Transcript And Raise the Claim[] As [Defendant] Requested Amounted To Fundamental Injustice.

A-0969-24

> C. Defendant's Newly Discovered Evidence Should Have Excused Any Procedural Bars Due To Its Importance In This Case. The Evidence Was A Recently Received Motion To Suppress Transcript Which Issue Was Preserved But Never Appealed By The Attorneys.

The PCR court made the legal determination that defendant's third petition was time-barred. We review that legal conclusion de novo. State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020) (citing State v. Harris, 181 N.J. 391, 415-16 (2004)).

The Rules of Court and case law state a second or subsequent PCR petition must be based on one of three defined grounds and must be filed within one year of when those grounds arose. See R. 3:22-4(b); R. 3:22-12(a)(2); State v. Jackson, 454 N.J. Super. 284, 292-93 (App. Div. 2018). In that regard, Rule 3:22-12(a)(2) mandates that a second or subsequent PCR petition must be filed within one year of (1) a new constitutional change that would apply to defendant's convictions; (2) newly discovered facts; or (3) the denial of the first or subsequent PCR petition, if defendant is claiming ineffective assistance of his or her first or subsequent PCR counsel. Rule 3:22-12(a)(2) then mandates that "no second or subsequent petition shall be filed more than one year after the latest of" those three circumstances.

A-0969-24

Subsection (b) of that rule states: "These time limitations shall not be relaxed, except as provided herein." R. 3:22-12(b).

We have held that the time-limit set out in Rule 3:22-12(a)(2) must be strictly enforced. Jackson, 454 N.J. Super. at 292-93; see also State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018) (holding that the time limit applicable to a first petition must also be strictly enforced and cannot be relaxed without a showing of excusable neglect).

Defendant's second PCR petition was denied on December 2, 2021. Over two years and eight months later, on August 8, 2024, defendant filed his third PCR petition. Consequently, defendant's third petition was filed beyond the one-year limitations period, and it was filed late.

Defendant argues that we should relax the time bar set forth in Rule 3:22-12(a)(2) because the failure to do so would result in a "fundamental injustice." In support of that argument, defendant contends that he was not provided with a copy of the transcript of hearing on a motion to suppress evidence. He contends that the transcript is "newly discovered evidence" and thus he should be allowed to file his third petition under Rule 3:22-4(b)(2)(b).

There are several flaws with defendant's arguments. First, the transcript was available since 2008, and it is not newly discovered evidence. Second,

6

defendant had the transcript since at least December 2022.  On December 16, 2022, defendant filed a motion in the United States District Court for the District of New Jersey seeking a "[s]tay and [a]beyance."  He attached a copy of the transcript he now claims is newly discovered.  Finally, defendant made no showing that the transcript would support an argument for reversing his convictions and, thus, he has shown no fundamental injustice.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division